IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN OIRYA,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY,<br><br>Defendant. | **MEMORANDUM DECISION DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br><br>Case No. 2:16-CV-01121-BSJ<br><br>District Judge Bruce S. Jenkins |

This matter comes before the court on Plaintiff John Oirya's "Motion for Relief from Summary Judgment."[1] Mr. Oirya contends the court's January 9, 2020 Judgment[2] in favor of Brigham Young University ("BYU") should be altered because BYU's counsel "improperly and inaccurately represented the Court's true ruling."[3] Neither party requested oral argument and the court finds it can decide the matter on the basis of the written submissions. The court has carefully considered the parties' arguments, applicable law, and the relevant facts. Now, being fully advised, the court will deny Mr. Oirya's Motion for Relief from Summary Judgment.

## I. SUMMARY OF THE ORDER UNDERLYING JUDGMENT

The court begins with a short summary of its January 9, 2020 Order that led to the judgment Mr. Oirya now challenges.[4] In short, the court's January 9 Order granted BYU summary judgment because Mr. Oirya did not dispute two of BYU's asserted bases for

---

[1] ECF No. 213
[2] ECF No. 201.
[3] ECF No. 213 at 3.
[4] ECF No. 200.

dismissing him: First, he never received money from the Kenyan government despite earlier making representations to BYU that he had; and second, he plagiarized material for one of his courses. The court found these two reasons sufficient to justify Mr. Oirya's dismissal from BYU. Also, the court found that–to the extent it needed to consider BYU's third basis for dismissal, sexual misconduct–BYU adequately investigated those allegations before dismissing Mr. Oirya. In addition to these findings, the court noted Mr. Oirya offered no evidence that BYU's actions were motivated by gender bias; a failure fatal to his Title IX claims. Finally, the court noted several independent reasons Mr. Oirya's state-law claims failed. For example, his defamation claim failed because: he had no evidence BYU said anything untrue about him; BYU's statements were privileged; the statute of limitations barred the claim; and the court afforded preclusive effect to the District of Alabama's order, which found Mr. Oirya's legal harm was caused by his own misstatements, rather than any statement from BYU. Mr. Oirya now seeks to challenge the judgment under Federal Rules of Civil Procedure 59 and 60.

## II. ANALYSIS

First, Mr. Oirya asks the court to alter its judgment pursuant to Rule 60(b). Rule 60(b) allows a party to seek relief from judgment for enumerated reasons, including, fraud, newly discovered evidence, and other reasons that undermine the validity of the judgment. Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). Second, Mr. Oirya also cites Rule 59(e), which allows a party to request the court alter or amend its judgment. "A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence.'" *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.

1997).  On the other hand, Rule 59 "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Nelson* at 929.  When considering Mr. Oirya's arguments, the court is mindful of the Tenth Circuit's admonition that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).[5]  In construing Mr. Oirya's filings, the court must overlook "plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements" but the court must simultaneously refrain from acting as Mr.Oirya's advocate.  *Id.*

   a. **Mr. Oirya offers no adequate basis to relieve him from judgment**

Mr. Oirya provides no proper basis for the court to alter its judgment under Rule 59(e) or 60(b).  In short, the court decided the case based on the issues raised and briefed by the parties–while Mr. Oirya was represented by counsel–granting summary judgment in favor of BYU on all of Mr. Oirya's then-pending claims.  As discussed in detail below, Mr. Oirya does not persuade the court to alter its judgment or otherwise provide him relief.

   1. **The issues raised and decided at the summary-judgment stage disposed of all of Mr. Oirya's claims**

Mr. Oirya first raises a procedural objection, suggesting there are over three hundred outstanding legal issues that must be resolved.  He seems to believe the Rules of Civil Procedure required BYU to address each and every numbered paragraph in his complaint to obtain

---

[5] While *Hall* indicates leniency is afforded to "pleadings" subsequent Tenth Circuit cases suggest this leniency is properly afforded motions as well.  *See, e.g.*, *Dalton v. State Farm Fire & Cas. Co.*, 66 F. App'x 824, 825 (10th Cir. 2003) (considering whether district court properly applied more lenient standards to two motions).

summary judgment. This belief is contrary to the express language of Federal Rule of Civil Procedure 56(a), which states: "A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." As indicated, summary judgment is addressed on a claim-by-claim basis. Rule 56 does not require a movant to challenge each numbered paragraph in a complaint on an individualized basis. Instead, the Rule allows for argument on each legal claim, which is comprised of the various factual allegations in a complaint. BYU sought summary judgment on all of Mr. Oirya's legal claims that were pending at the time BYU filed its motion. After briefing from BYU and Mr. Oirya (while still represented by counsel), the court granted summary judgment in favor of BYU on all of Mr. Oirya's claims.

Also, Mr. Oirya suggests BYU did not seek summary judgment on his eighth cause of action, which alleged violations of immigration law stemming from BYU's management of his records in the Student and Exchange Visitor Information System ("SEVIS"). The court agrees that this was not raised at summary judgment. Unfortunately for Mr. Oirya, this circumstance does not avail him because the court previously dismissed this count–with prejudice–based on an earlier motion BYU filed.[6] Accordingly, BYU had no need to address Mr. Oirya's immigration claim at the summary-judgment stage because that claim had already been dismissed. Thus, nothing remained for trial following summary judgment because all claims had been terminated.

### 2. Mr. Oirya identifies no new evidence and no fraud or misconduct perpetrated by BYU

Mr. Oirya brings Rule 60 challenges under subsections 60(b)(2) and 60(b)(3), which he addresses together. The court will address them in the same manner. To obtain relief under Rule

---

[6] *See* ECF No. 93.

60(b)(2), Mr. Oirya must show (1) newly discovered evidence exists; (2) he was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that further proceedings (i.e. a new trial) with the newly discovered evidence would probably produce a different result. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005).[7] Next, to prevail under Rule 60(b)(3), Mr. Oirya must provide "clear and convincing proof" of fraud, misrepresentation, or misconduct that substantially interfered with his ability to prepare for trial. *Zurich* at 1290.

Mr. Oirya first claims that, until oral argument on December 4, 2019, BYU did not identify the individuals interviewed during its investigation.[8] Mr. Oirya's suggestion is mistaken as revealed by the portion of the hearing transcript he cites. A review of the December 4 Hearing transcript reveals BYU cited to the record while discussing the identities of the witnesses it interviewed. The portion of the record BYU cited contains its discovery responses identifying the witnesses at issue and providing further citations to the notes of interview for each witness, which BYU previously provided to Mr. Oirya in response to his discovery requests.[9] Thus, Mr. Oirya identifies no new evidence, and no attempt on BYU's part to misrepresent these witnesses' identities.

Mr. Oirya next argues BYU "unlawfully withheld" three witness statements that exonerate him of any wrongdoing related to the sexual harassment complaint against him.

---

[7] Similarly, Rule 59(e) allows the court to modify its judgment where a party presents newly discovered evidence. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). While Mr. Oirya does not separately address Rule59(e), the court considers it nonetheless given Mr. Oirya's pro se status.
[8] ECF No. 210 at 9–10 (citing Dec 4, 2019, Mot. Hr'g 73:3–18, 81:6–14).
[9] ECF No. 190, Ex. 18 at 12–15.

Again, this argument raises no new evidence because BYU identified these witnesses in its response to Mr. Oirya's interrogatory number four. BYU attached its response to interrogatory number four to its motion for summary judgment.[10] Moreover, all three witness statements submitted by Mr. Oirya bear a Bates stamp indicating they were part of BYU's discovery production. Accordingly, this is not new evidence because it was produced to Mr. Oirya during discovery. Mr. Oirya may believe BYU had an affirmative duty to raise these matters in its summary-judgment briefing. Any such belief is mistaken. It was incumbent on Mr. Oirya, via his counsel, to alert the court to evidence purportedly creating a genuine dispute of material fact at the summary judgment stage. *See* Fed. R. Civ. P. 56(c)(1). Thus, responsibility for any omission of these statements from the summary-judgment proceedings lies with Mr. Oirya. It does not constitute fraud on the part of BYU. Accordingly, this issue provides no basis for the court to grant Mr. Oirya relief from judgment.

Third, Mr. Oirya argues BYU recanted evidence it presented during summary judgment because BYU's motion indicated it interviewed eleven fact witnesses during its investigation, while the draft order BYU prepared, and the court's Order, indicated BYU interviewed "at least five fact witnesses."[11] This argument raises no new evidence because the parties each addressed this issue during summary judgment. Further, BYU did not commit fraud but rather changed the language in the proposed order to "at least five witnesses" because Mr. Oirya's Opposition conceded BYU had interviewed at least that many witnesses during its investigation.[12] Also, the court notes that the language "at least five witnesses" is entirely consistent with a scenario in

---

[10] *See* ECF No. 190, Ex. 18 at 15.
[11] ECF No. 200 at 9.
[12] *See* ECF No. 194 at 6–7.

which BYU interviewed eleven witnesses. BYU's amended language more carefully reflects the parties' agreed view of the facts. Accordingly, the court does not find these circumstances constitute fraud on BYU's part.

Finally, Mr. Oirya suggests the court improperly took judicial notice of facts found by the U.S. District Court for the District of Alabama. This argument fails for two reasons. First, while BYU filed a notice of supplemental authority shortly after the District of Alabama issued its order,[13] Mr. Oirya never opposed BYU's request for this court to afford preclusive effect to the District of Alabama's decision. In fact, Mr. Oirya did not file any response to the notice of supplemental authority. Likewise, he did not address the matter in his Opposition to BYU's Motion for Summary Judgment, which he filed over three weeks after BYU filed its notice. Mr. Oirya may not ignore an issue on summary judgment and then hope to raise it subsequently in a motion for relief from judgment. Second, even assuming this court acted improperly by affording preclusive effect to the Alabama order, that order provides only one of four alternative bases justifying dismissal of Mr. Oirya's defamation claim. The court also granted BYU summary judgment on this issue because the undisputed facts did not reveal any untrue statement from BYU; BYU's statements were privileged; and the claims were barred by the applicable statute of limitations. Thus, even setting the District of Alabama's proceedings aside, three sufficient bases remain justifying dismissal of Mr. Oirya's defamation claim.

---

[13] ECF No. 191.

### III. CONCLUSION

Based on the foregoing, the court finds no reason to set aside or modify its judgment.[14] At the summary-judgment stage, Mr. Oirya did not offer evidence to dispute any material facts. Instead, Mr. Oirya offered explanations for his misconduct that did not impact the legal analysis. For example, he claimed he was not sufficiently warned that copying material from Wikipedia constitutes plagiarism. While this assertion may make Mr. Oirya feel less blameworthy, it does not diminish BYU's justification for his dismissal. Critically, Mr. Oirya did not deny that he copied from Wikipedia. Similarly, Mr. Oirya attempts to blame his uncle, Fred Odhiambo, for Mr. Oirya's untrue claim that he received financial aid from the Kenyan government. While Mr. Oirya may have grounds to be upset with his uncle, any miscommunication between them did not relieve Mr. Oirya of his responsibility to prove he had adequate financial support. Nor does it relieve him of fault for making inaccurate representations to BYU regarding that support. Similarly his uncle is without authority to absolve Mr. Oirya of his legal obligations or the consequences of his statements to BYU.[15] Finally, Mr. Oirya was unable to dispute BYU's evidence showing it conducted an adequate investigation of the sexual harassment allegations against Mr. Oirya and that BYU's conclusions were supported by substantial evidence. It is undisputed that BYU interviewed multiple witnesses, including Mr. Oirya. Further, BYU

---

[14] Mr. Oirya cites the catchall provision found at Rule 60(b)(6), but he makes no discernable argument for relief from judgment under this provision. "Parties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain a new trial." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005).

[15] Further, despite BYU's efforts to reach Mr. Odhiambo, he was never deposed. Accordingly, even assuming Mr. Odhiambo could somehow provide a legal excuse for Mr. Oirya's misstatement, the record contains no testimony from Mr. Odhiambo.

allowed Mr. Oirya multiple opportunities to address the allegations against him in writing and to meet with BYU's administrators to discuss the charges.

Mr. Oirya understandably prefers the investigation had not resulted in his dismissal. While the court understands Mr. Oirya's preference, he offers no sufficient legal basis upon which the court could grant him relief from judgment. Mr. Oirya is not entitled to the relief he seeks here because he offers no new evidence and no description of any fraud or similar wrongdoing on BYU's part. Accordingly, the court's January 9, 2020 Judgment will stand.

## IV. ORDER

Based on the foregoing, Mr. Oirya's Motion to Alter Judgment is hereby DENIED. (ECF No. 213).

Dated this 7th day of April 2020.

BY THE COURT

_____
Bruce S. Jenkins
United States Senior District Judge